**UNITED STATES of America, Plaintiff,**

v.

**CASABLANCA MOTORS, INC., Defendant.**

Crim. No. 94–184(HL).

United States District Court, D. Puerto Rico.

Sept. 8, 1994.

---

Luis A. Plaza–Mariota, Hato Rey, Puerto Rico, for defendant.

Francisco Rebollo–Casalduc, U.S. Dept. of Justice, Guaynabo, Puerto Rico, for the U.S.

## OPINION AND ORDER

LAFFITTE, District Judge.

Before the Court is Defendant Casablanca Motors' motion to dismiss the indictment for lack of jurisdiction, and the government's opposition thereto. After a careful consideration of the novel issue raised in defendant's motion, the Court denies defendant's motion to dismiss.

## DISCUSSION

The single count indictment charges Casablanca Motors with violation of 26 U.S.C. § 6050I(f)(1)(A), failure to file a return required to be filed thereunder with the Internal Revenue Service, in connection with a transaction involving the receipt of a sum of cash, to wit, United States Currency in excess of ten thousand dollars ($10,000.00). Casablanca Motors is a corporation organized under the Laws of Puerto Rico. As such, it is generally treated as a foreign corporation for federal income tax purposes. *See* 26 U.S.C. § 7701(a)(4), (a)(5), (a)(9).[1] Additionally, the actions which form the subject of the indictment allegedly occurred exclusively within Puerto Rico.

Casablanca Motors advances an interesting argument in its motion to dismiss. In essence, Casablanca Motors maintains that the indictment fails to state an offense for lack of jurisdiction. This want of jurisdiction is premised on the fact that defendant's alleged activities occurred solely in Puerto Rico, and for purposes of the tax code, "outside the United States." Casablanca Motors further contends that any attempt to apply the requirements of 26 U.S.C. § 6050I to transactions conducted exclusively in Puerto Rico would be unconstitutional.

---

1. Section 7701(a)(4) of the code defines a domestic corporation or partnership as one which is organized in the United States or under the laws of the United States or of any state. Section 7701(a)(5) then defines a foreign corporation or partnership as one which is not domestic. Finally, section 7701(a)(9) specifies that the term United States only includes the States and the District of Columbia.

## 52

### A. *The I.R.S.'s General Jurisdiction*

An analysis of 26 U.S.C. § 6050I and its framework is necessary in order to adequately address defendant's innovative argument. The statute initially requires the filing of a report, as the regulations require, by any person receiving cash in excess of $10,000.00 in one transaction or two or more related transactions in connection with his trade or business. 26 U.S.C. § 6050I(a). The statute then delineates several exceptions to the reporting requirement. The exception pertinent to the instant case concerns cash transactions occurring entirely outside the United States.

26 U.S.C. § 6050I(c)(2) provides:

> **Transactions occurring outside the United States**—Except to the extent provided in regulations prescribed by the secretary, subsection (a) shall not apply to any transaction if the entire transaction occurs outside the United States.

Defendant thus argues that this exception applies to it since Title 26 clearly defines United States as including "only those States and the District of Columbia" and separately defines the Commonwealth of Puerto Rico as a "possession of the United States." *See* 26 U.S.C. §§ 7701(a)(9), 7701(d).

However, the Court's inquiry does not end here. The Internal Revenue Service, as the above section contemplates, issued a specific regulation pertaining to 26 U.S.C. § 6050I and its application to Puerto Rico. This regulation provides in pertinent part:

> If, however, any part of an entire transaction occurs in the Commonwealth of Puerto Rico or a possession or territory of the United States and the recipient of cash in that transaction is subject to the general jurisdiction of the Internal Revenue Service under Title 26 of the United States

Code, the recipient is required to report the transaction under this section.

26 CFR § 1.6050I–1(d)(4) (1993)

■ In order to avoid applicability under this regulation, Casablanca Motors next maintains that all of its transactions occurring exclusively in Puerto Rico are exempt from the reporting requirement since Puerto Rico corporations are not subject to the Internal Revenue Service's general jurisdiction. Thus, the gravamen of defendant's argument is that Puerto Rico corporations, which are considered foreign corporations under the tax code, cannot be liable under § 6050I because said foreign corporations are not subject to the Internal Revenue Code's general jurisdiction.

The Court finds this argument artful but unpersuasive. First, there are several examples which illustrate a Puerto Rico corporation's susceptibility to the general jurisdiction of the Internal Revenue Code, instances when Puerto Rico corporations are subject to general U.S. tax liability. Namely, when Puerto Rico corporations are taxed on income earned from sources or investments in the United States. *See* 26 U.S.C. § 882. Additionally, when Puerto Rico corporations must pay federal employment taxes under 26 U.S.C. § 3101, 3501.[2]

■ Second, the treasury regulation's specific mention of Puerto Rico elucidates the Internal Revenue Service's intention to make the reporting requirements applicable to Puerto Rico residents and corporations. To read the regulation too narrowly, as defendant does, so that it does not apply to any Puerto Rico corporation and therefore only applies to 26 U.S.C. § 936 funds, conflicts with the purpose of the regulation as well as its plain meaning. According to the Report of the Senate Finance Committee, the purpose of § 6050I is to enable the Internal Revenue Service to identify parties with large cash incomes who may be underreport-

---

**2.** While the instant defendant is a corporation and not an individual, defendant's argument is further weakened by the fact that there are also a number of situations where Puerto Rico residents are subject to the general jurisdiction of the Internal Revenue Code. For instance, when residents must pay taxes on income earned out-

side of both Puerto Rico and the United States, when Puerto Rico residents must pay federal taxes on income derived from sources in the United States and when federal employees residing in Puerto Rico must pay an Alternative Minimum Tax. *See* 26 U.S.C. § 1; *United States v. Rexach*, 185 F.Supp. 465 (D.P.R.1960).

ing income through the spending of large amounts of cash. *See* S.Rep. No. 98–169, 98th Cong., 2d Sess. 429 (1984). Thus, exempting Puerto Rico from the reporting requirements of § 6050I would in effect promote money laundering and underreporting in a United States possession. *See also* Exceptions to the reporting Requirements, 50 Fed.Reg. 21242 (1985); Patricia T. Morgan, *Money Laundering, the Internal Revenue Service and Enforcement Priorities,* 43 U.Fla.L.Rev. 939, n. 103 (1991). Furthermore, such a reading renders the treasury regulation almost completely ineffective.

█ Finally, as defendant itself admits, Puerto Rico's treatment under the U.S. tax code amounts to a "time honored policy of exempting Puerto Rico from federal taxation." Congress' actions in exempting Puerto Rico from some federal taxation as well as subjecting Puerto Rico to the applicability of federal taxes are both valid exercises of congressional authority over Puerto Rico.[3] Furthermore, the exemption as to income derived from Puerto Rico sources is only a partial exemption. In this regard, an exemption, whether partial or complete, is defined as the freeing from an obligation or duty. Thus, this definition implies that the recipient of the exemption is at least originally subject to said obligation. Accordingly, Puerto Rico's partial exemption from federal taxation can in no way be read as to completely exclude Puerto Rican corporations from the Internal Revenue Code's general jurisdiction. Finally, the current tax exemption that Puerto Rico enjoys is dangerously at the mercy of Congress because there is no basic principle of the United States Constitution preventing Congress from gradually extending its full taxing power to Puerto Rico.[4]

### B. Constitutionality of § 6050I and its application to Puerto Rico

Having disposed of Casablanca Motors' first argument, the Court now addresses Casablanca Motor's argument regarding the constitutionality of § 6050I. Defendant essentially maintains that because Puerto Rico is "fiscally autonomous," requiring Puerto Rico corporations to comply with 26 U.S.C. § 6050I renders the statute unconstitutional.

█ The Court disagrees. Casablanca Motors is correct in asserting that the Commonwealth of Puerto Rico is "fiscally autonomous," meaning that it enjoys a substantial degree of tax exemption. Nevertheless, this fact alone does not make the imposition of § 6050I's filing requirement unconstitutional. The proposition that said filing requirement violates the principle of no taxation without representation is untenable.[5] Furthermore, as the preceding analysis demonstrates, Puerto Rico corporations and individuals are only partially exempted from federal taxation.

Because Casablanca Motors is subject to the general jurisdiction of the Internal Revenue Service, the Court hereby denies defendants' motion to dismiss.

**IT IS SO ORDERED.**

---

3. For those with a penchant for a historical and statutory background on the application of federal tax laws to Puerto Rico, *See* Romero Jr., Carlos, *The History of Federal Inconsistencies in the Treatment of Taxation of Income Derived from Puerto Rico by Individuals,* Vol. LIII, Rev. Juridica de la Universidad de Puerto Rico (1984).

4. "According to § 9 of the Federal Relations Act, the statutory laws of the United States *not locally inapplicable* shall have the same force and effect in Puerto Rico as in the United States; and according to § 58 of the Federal Relations Act, the laws applicable to Puerto Rico at the time the Federal Relations Act was accepted and which were not in conflict therewith would remain in

force." *R.C.A. v. Government of the Capital,* 91 P.R.R. 404, 424 (1964).

Thus, the general Internal Revenue laws of the United States are neither "locally inapplicable" in Puerto Rico nor would they be in conflict with the Federal Relations Act. Puerto Rico Federal Relations Act, ch. 145, § 9, 39 Stat. 954 (1917); Apr. 30, 1946, ch. 244, § 513, 60 Stat. 158; continued in effect July 3, 1950, ch. 446, § 4, 64 Stat. 319 (current version at 48 U.S.C. § 734); Puerto Rico Federal Relations Act, ch. 145, § 58, 39 Stat. 968 (1917); continued in effect July 3, 1950, ch. 446, § 4, 64 Stat. 319.

5. *See supra* note 3; *Rexach,* 185 F.Supp. 465, 473.